No. 23064.

NORVAL W. ROBISON AND CAROL R. ROBISON *v.* HOUSING
AUTHORITY OF THE CITY OF FORT MORGAN, COLORADO.
(439 P.2d 732)

Decided April 22, 1968.

WELLS and SNYDAL, for plaintiffs in error.

DAVID L. ROBERTS, for defendant in error.

*En Banc.*

MR. CHIEF JUSTICE MOORE delivered the opinion of the
Court.

PLAINTIFFS in error were respondents in the trial court
and we will refer to them as the Robisons. Defendant

in error was petitioner in the trial court and will be referred to as the petitioner.

Petitioner is a Housing Authority of The City of Fort Morgan, Colorado. It filed its petition under the provisions of C.R.S. 1963, 69-3-11, praying for a judgment and decree in condemnation proceedings, the purpose of which was to acquire property owned by the Robisons for use by the petitioner. The property in question was adjacent to but wholly outside the boundaries of the city of Fort Morgan.

The Robisons by way of answer alleged that:

"The Petition does not state a cause of action upon which relief can be granted as the subject property is without the geographical location of the Petitioner, which lacks the authority to condemn the real estate owned by these respondents."

C.R.S. '53, 69-3-4 originally provided that:

"The boundaries of such authority shall include the city and the area within ten miles from the territorial boundaries of the city. * * *"

In 1963 the legislature of the State of Colorado amended the above statute insofar as is pertinent to the case at bar, to read as follows:

"The boundaries of such authority shall *include the same geographical area as is then or thereafter included within the boundaries of the city which caused such authority to be created.*" (Emphasis added.)

That law now appears in C.R.S. 1963, 69-3-4(5).

■ The trial court held that the petitioner had the power to condemn property outside the "boundaries of such authority" namely outside the city limits of Fort Morgan. In reaching this conclusion the trial court erred. The manifest intention of the legislature, under the circumstances described above, was to restrict the authority of the petitioner to condemn property to that which was located within the limits of the city.

The judgment is reversed and the cause remanded with directions to dismiss the action.

Mr. Justice Pringle dissents.

Mr. Justice McWilliams not participating.