The Department of Local Affairs has requested an opinion concerning the ability of a non-profit entity that has been designated as a public housing agency under federal law to provide housing services with the geographical jurisdiction of state public housing authorities.
 QUESTIONS PRESENTED AND CONCLUSIONS
Questions:
1. Is a public housing authority created under state law restricted to conducting its operations with its state statutory boundaries?
2. May a non-profit entity that has been designated as a public housing agency under federal law perform services within the territory of public entities which are public housing authorities under state law?
3. May a public housing authority created under state law contract with a non-profit public housing agency created pursuant to federal law for the purpose of providing services authorized by 42 U.S.C. § 1437a(f) within the geographical jurisdiction of the non-profit entity where the non-profit entity's geographical jurisdiction coincides with the geographical jurisdiction of another public housing authority? *Page 2 
Answers:
1. No. A public housing authority may conduct operations outside its statutory boundaries if it has entered into an agreement with another housing authority pursuant to § 24-55-103, C.R.S. (2006).
2. Yes. A non-profit entity which has been designated as a federal public housing agency may perform services within the territory of state public housing authorities.
3. Yes. A public housing authority created pursuant to state law and a non-profit public housing agency acting pursuant to federal law may agree that the public housing authority can provide housing services within the geographical jurisdiction of the non-profit public housing agency even where the non-profit public housing agency operates within the geographical boundaries of a second public housing authority and the second authority is not a party to the contract.
 BACKGROUND
The Department of Local Affairs received an inquiry from the Longmont Housing Authority ("Longmont") concerning the power of public housing authorities created under state law to enter into agreements with a non-profit entity providing housing services under 42 U.S.C. § 1437a(f). Longmont provided the following factual background.
Longmont is a public housing authority created pursuant to state law. In the past, it executed intergovernmental agreements with two other public housing authorities, Boulder Housing Partners ("BHP") and the Boulder County Housing Authority ("BCHA"), for the purpose of providing housing services to qualified individuals under the federal government's Section 8 housing program (42 U.S.C. § 1437a(f)). The contracts expired.
Subsequently, BHP and BCHA entered into an agreement with a Colorado non-profit corporation, the Center for People With Disabilities ("CPWD") to provide housing services. Longmont, BHP and BCHA are governmental entities created under state law. CPWD is listed as public housing agency on the website of the Department of Housing and Urban Development (hhtp://www.hud.gov/offices/pih/pha/contacts/states/co.cfm). The contract executed by BHP, BCHA and CPWD authorized each entity "to enter into Housing Assistance Payment contracts and Housing Voucher contracts pursuant to their Consolidated Annual Contributions Contracts projects and CACC projects with owners and/or managers of rental units" within each others' jurisdictions.
For purposes of this opinion, a "public housing authority" is a governmental entity created under state law. A "public housing agency" is an entity permitted under federal law to carry out housing programs under 42 U.S.C. 1437a(f). A state public housing authority can be a federal public housing agency. A federal public housing agency can also include a nonprofit entity. *Page 3 
 LEGAL ANALYSIS
1. In 1935, Colorado passed legislation authorizing the formation of housing authorities. Chaps. 131 and 132, 1935 Colo. Sess. Laws, pp. 498, 523. The legislation was enacted to allow the state to access funds and credits available under the United States Housing Act. People ex rel.Stokes v. Newton, 106 Colo. 61, 63 101 P.2d 21, 22 (1940) ("Newton"). The law is now codified title 29, article 4, parts 2 and 5 of the Colorado Revised Statutes.
Housing authorities may be formed by residents of a city, § 29-2-204(1), C.R.S. (2006) or by residents of a county, § 29-4-503, C.R.S. (2006). Housing authorities are independent entities with broad powers. Roe v. Housing Authority of City of Boulder, 909 F. Supp. 814,818-19 (D.Colo. 1995). The boundaries of the housing authorities formed by a city are the same as those of the city which formed the authority. Section 29-4-204(5), C.R.S. (2006). A housing authority formed by a city may include any area within the county, exclusive of the area of a project owned or operated by a county authority. Section 24-4-508, C.R.S. (2006). The boundaries of a county housing authority are the boundaries of the county, except that the boundaries do not include the whole or part of a city that has not authorized its inclusion within the boundaries of the county housing authority. Id. A county housing authority may not include any area within a housing authority previously established by the city. Id.
In general, a public housing authority can act only within its borders. Robison v. Housing Authority of City of Fort Morgan,165 Colo. 469,470, 439 P.2d 732 (1968). However, Colorado law does permit two or more authorities created under article 4 of title 29 to "join or cooperate with one another in the exercise, either jointly or otherwise, of any or all of their powers for the purpose of financing, including the issuance of bonds, notes, or other obligations and giving security therefore, planning, undertaking, owning, constructing, operating, or contracting with respect to a housing project located within the area of operation of any one or more of said housing authorities." Section24-55-103, C.R.S. (2006).
2. You also ask whether a non-profit entity may be designated as a federal public housing agency in a geographical area that is encompassed by a public housing authority created under state law. Under state law, a housing authority under part 2 of article 4 of title 29 is defined as "a corporate body organized in accordance with the provisions of this part 2 for the purposes, with the powers, and subject to the restrictions set forth in this part 2." Section 29-4-203(1), C.R.S. (2006). Similarly, a "housing authority" under part 5 of article 4 of title 29 is defined as "any of the county housing authorities created by this part 5." Section 29-4-502(1), C.R.S. (2006). Neither definition includes a nonprofit entity.
The definitions under state law are not the end of the analysis, however. Because state law is tied into federal housing assistance law,Newton, supra, federal law is also relevant. Furlong v. Gardner,956 P.2d 545, 551 (Colo. 1998). 42 U.S.C. 1437a (b) (6) includes a lengthy definition of "public housing agency". It provides: *Page 4 
 Public housing agency. (A) In general. Except as provided in subparagraph (B), the term "public housing agency" means any State, county, municipality, or other governmental entity or public body (or agency or instrumentality thereof) which is authorized to engage in or assist in the development or operation of public housing.
 (B) Section 8 program. For purposes of the program for tenant-based housing under section 8 [42 U.S.C. § 1437f], such term includes:
 (i) a consortia of public housing agencies that the Secretary determines has the capacity and capability to administer a program for assistance under such section in an efficient manner;
 (ii) any other public or private nonprofit entity that, upon the effective date of section 503(a) of the Quality Housing and Work Responsibility Act of 1998 (42 U.S.C. § 1437
note], was administering any program for tenant-based assistance under section 8 of this Act [42 U.S.C. § 1437f] (as in effect before the effective date of such Act), pursuant to a contract with the Secretary or a public housing agency; and
 (iii) with respect to any area in which no public housing agency has been organized or where the Secretary determines that a public housing agency is unwilling or unable to implement a program for tenant-based assistance section 8 [42 U.S.C. § 1437f], or is not performing effectively —
 (I) the Secretary or another public or private entity that by contract agrees to receive assistance amounts under section 8 [42 U.S.C. § 1437f] and enter into housing assistance payments contracts with owners and perform other functions of public housing agency under section 8 [42 U.S.C. § 1437f]; or
 (II) notwithstanding any provision of State or local law, a public housing agency for another area that contracts with the Secretary to administer a program for housing assistance under section 8 [42 U.S.C. § 1437f], without regard to any otherwise applicable limitations on its area of operation.
The federal law authorizes the designation of a non-profit entity as a "public housing agency" if (1) it was acting as a public housing agency under section 8 prior to the effective date of the Quality Housing and Work Responsibility Act of 1998, or (2) an existing public housing agency is unable or unwilling to implement certain tenant-based housing assistance programs under section 8. Under these definitions a non-profit entity meeting these qualifications may be designated as a federal public housing agency, may operate in the same geographical area governed by public housing authorities created under part 2 and 5 of article 4 of title 29, and may provide the same or similar services to that of the state public housing authority. For example, a non-profit public housing agency may operate in Longmont's geographical area if the non-profit entity is administering a section 8 program pursuant to a *Page 5 
contract with the federal government or a state public housing authority upon the effective date of the Quality Housing and Work Responsibility Act of 1998. A non-profit public housing agency may also operate in Longmont's geographical area if Longmont is unable or unwilling to implement a section 8 program, or cannot operate a program effectively.
Although a state public housing authority has exclusive power within its geographic boundaries with respect to other public housing authorities, it must share its geographical area with non-profit entities when such entities are authorized by federal law to provide services within that geographic area.
3. CPWD operates within Longmont's jurisdictional boundaries. The contract executed by CPWD, BHP and BCHA allows BHP and BCHA to provide section 8 programs and services in the geographical area served by CPWD. It appears that CPWD has qualified as a federal public housing agency. In general, a public housing authority under Colorado law cannot operate outside its boundaries without appropriate authorization. As noted, a state public housing authority may operate within the geographical territory of another public housing authority if the public housing authorities execute a contract permitting extraterritorial activities. Section 24-55-103. However, Colorado law does not specifically address a circumstance in which the non-profit organization is legally operating within the jurisdiction of a state public housing authority and wishes to contract with other public housing authorities for the purpose of allowing these public housing authorities to act within the non-profit's service area.
Colorado law authorizing the establishment of public housing authorities was enacted to implement federal housing law.Newton, 106 Colo. at 63, 101 P.2d at 22. Thus, Colorado law establishing public housing authorities must be read in conjunction with applicable federal law. The federal statutes and regulations do not prohibit non-profit public housing agencies from entering into an agreement with state public housing authorities. Such contracts are permissible if they are consistent with federal law. The contracts are consistent with federal law if they enhance the ability of the non-profit entity to carry out its responsibilities. By virtue of its designation as a federal public housing agency with the power to act within the territory of a public housing authority, a non-profit may execute a contract with a state public housing authority operating outside of jurisdiction of the nonprofit public housing agency for the purpose of providing housing service within non-profit's geographic area. This result applies even though the state public housing agencies have not entered into an agreement permitted under section 24-55-103.
 CONCLUSION
Except when authorized by contract between two or more state public housing authorities, the activities of a state public housing authority are generally confined to its geographical boundaries. A non-profit entity which is designated under federal law as public housing agency may operate within the boundaries of a public housing authority created under state law. A non-profit public housing agency may contract with a state public housing authority whose boundaries are not co-extensive with those of the non-profit entity to provide *Page 6 
housing services within the non-profit's jurisdiction even where the non-profit shares geographic boundaries with another state public housing authority and the two state public housing authorities do not have a written agreement authorizing such an action.
Issued this 30th day of August, 2007.